## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Henry Josue Montoya Masariegos,<br><br>Petitioner,<br><br>v.<br><br>Luis Rosa, Jr., et al.,<br><br>Respondents. | No. CV-26-02523-PHX-DJH (JFM)<br><br>**ORDER** |

Petitioner filed this action challenging his immigration detention.  Petitioner entered the United States without inspection in 2016.  (Doc. 4 ¶ 1.)

Respondents maintain Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), asserting that he is an "applicant for admission" because he is "alien present in the United States who has not been admitted." (Doc. 7 at 2.)  But Petitioner was placed in removal proceedings under section 212(a)(6)(A)(i) of the Immigration and Nationality Act as "[a]n alien present in the United States without having been admitted or paroled," and not as "an arriving alien" and applicant for admission under 8 U.S.C. § 1225(b). (Doc. 4 at 15.) The Court finds that Petitioner is not "seeking admission" such that he is subject to detention under § 1225(b)(2)(A). *See Echevarria v. Bondi*, CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282 (D. Ariz. 2025). For these reasons, the Petition is granted, and Petitioner must receive a bond hearing without application of *Matter of Yajure Hurtado*, 29 I&N 216 (B.I.A. 2025).

Accordingly,

**IT IS THEREFORE ORDERED:**

1.    Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

2.    Respondents must provide Petitioner a bond redetermination hearing within **seven days** or otherwise release him from custody under the same conditions that existed before his detention.

3.    Respondents must provide a notice of compliance within **three days** of releasing Petitioner or providing him a bond hearing.

4.    The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 21st day of April, 2026.

Honorable Diane J. Humetewa
United States District Judge

- 2 -